UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JUDY ALSOBROOKS MEREDITH, PhD                                  PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:09cv303-DPJ-FKB

JACKSON STATE UNIVERSITY, ET AL.                                 DEFENDANTS

**<u>ORDER</u>**

This employment dispute is before the Court on Defendant Jackson State University's Motion to Dismiss Certain Claims [21]. The Court, having fully considered the parties' submissions and the applicable law, finds that Defendant's motion should be GRANTED.

I.      Facts/Procedural History

Plaintiff Judy Meredith, Ph.D., is a professor at Jackson State University (JSU). She claims a pattern of discriminatory conduct, the precise nature of which is not relevant for purposes of Defendant's motion. On May 18, 2009, Plaintiff filed the present suit in this Court asserting various state law claims in addition to federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967 (ADEA), § 2 *et seq.*, 29 U.S.C.A. § 621 *et seq.*, and claims under 42 U.S.C. §§ 1981 and 1983. This Court has both subject matter and personal jurisdiction, and Defendant's motion is ripe for decision.

II.      Standard

Plaintiff urges the Court to convert this motion to a motion for summary judgment and then deny it because discovery has been thwarted. However, JSU raises strictly legal issues and bases its motion entirely on the allegations of Plaintiff's Complaint. As such, the matter must be considered under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the "court

accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

III.  Analysis

Defendant JSU seeks dismissal of Plaintiff's claims under § 1983 and the ADEA as well as her claim for punitive damages. These claims will be addressed collectively because they raise related issues.

A.  Section 1983 and ADEA Claims

Section 1983 does not provide a cause of action against a state or an arm of the state because they are not considered "persons" acting under color of law for purposes of § 1983. *Will*

*v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989).[1] Similarly, an arm of the state is entitled to Eleventh Amendment immunity from suit in federal court absent voluntary waiver. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) ("States may consent to suit in federal court"); *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (holding that arms of the state enjoy Eleventh Amendment immunity). The first question, then, is whether JSU is an arm of the state. This Court has held that it is.

1. Arm of the State

In both published and unpublished decisions, this Court has consistently found JSU to be an arm of the state. *See Gentry v. Jackson State Univ.*, 610 F. Supp. 2d 564, 566 (S.D. Miss. 2009) (citing *Dear v. Jackson State Univ.*, Civ. Action No. 3:07cv407WHB-LRA, 2008 WL 4225766, at *4 (S.D. Miss. Sept.10, 2008) (finding that as an arm of the State of Mississippi, "the immunity provided by the Eleventh Amendment bar[red] [the plaintiff's] constitutional claims as well as her Section 1981 and 1983 claims against JSU")); *Washington v. Jackson State Univ.*, Civil Action No. 3:07cv74-DPJ-JCS 2008 WL 2779297, at *7 (S.D. Miss. July 14, 2008) (citing *Washington v. Jackson State University*, 532 F. Supp. 2d 804 (S.D. Miss. 2006), *aff'd*, 244 F. App'x 589, 592 (5th Cir. 2007), *cert. denied*, No. 07-9997, 2008 WL 1848160 (U.S. Apr. 28, 2008) (other citations omitted)).

---

[1]Section 1983 states in relevant part as follows:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

3

Plaintiff contends that some of these opinions are unpublished, and that all are superficial and should be revisited. However, the Fifth Circuit appears to have considered relevant factors when it decided *Whiting v. Jackson State University* and held that: "JSU is an agency of the state because it is a state-created political body, Miss. Code Ann. § 37-125-1 (Cum. Supp. 1979), and receives state funding." 616 F.2d 116, 127 n.8 (5th Cir. 1980); (citing *Henry v. Link*, 408 F. Supp. 1204, 1207 (D.N.D. 1976), *mod. on other grounds*, 417 F. Supp. 360 (D.N.D. 1976)). Numerous other Fifth Circuit opinions hold that publicly funded state universities like JSU are arms of the state. *See Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) ("This court has also recognized that state universities as arms of the state are not 'persons' under § 1983") (citations omitted); *Richardson v. Southern Univ.*, 118 F.3d 450, 454-456 (5th Cir. 1997). Plaintiff avers that JSU is a "state university." Compl. ¶12. The Court finds as a matter of law that JSU is an arm of the state entitled to Eleventh Amendment immunity absent waiver, and that it is not a "person" subject to liability under § 1983.

        2.      Waiver

Plaintiff argues that her federal claims are among those for which Mississippi waived sovereign immunity under the Mississippi Torts Claims Act (MTCA). Miss. Code Ann. § 11-46-1 *et seq*. In doing so, she relies heavily on the following observation from *Black v. North Panola School District*:

> Although the Mississippi Supreme Court has yet to explicitly hold that the MTCA's waiver of sovereign immunity is the exclusive waiver for all actions brought in state court, its decisions regarding the nature of federally created rights and the MTCA's excess liability insurance requirement suggest that the MTCA waives immunity for Black's federal claims.

461 F.3d 584, 594 (5th Cir. 2006). This observation from *Black* is easily distinguishable.

To begin, *Black* examined whether Mississippi waived its sovereign immunity from federal claims "*brought in state court*." *Id.* As to claims filed in federal court, *Black* correctly noted that the MTCA "preserves all immunities granted by the Eleventh Amendment of the United States Constitution." *Id.* (citing Miss. Code. Ann. § 11-46-5(4)).[2] The distinction is significant because "[e]ven when a State consents to suit in its own courts, however, it may retain Eleventh Amendment immunity from suit in federal court." *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 575 (5th Cir. 2002) (collecting cases). Mississippi has taken that approach. Miss. Code. Ann. § 11-46-5(4).

Moreover, the Fifth Circuit has already held that the MTCA does not waive Eleventh Amendment immunity for ADEA claims filed in federal court. In *McGarry v. University of Mississippi Medical Center*, the court affirmed summary judgment of an ADEA claim holding that "the state of Mississippi expressly preserved its sovereign immunity to suit in federal court when it enacted the Mississippi Tort Claims Act." No. 08-60985, 2009 WL 4823013, at *2 (5th Cir. Dec. 14, 2009); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding that the ADEA does not "validly abrogate the States' sovereign immunity")).[3]

Finally, the school district defendant in *Black* was not an arm of the state and was considered a "person" acting under color of law for purposes of § 1983. *Black*, 461 F.3d at 596.

---

[2]The statute provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts. . . ." Miss. Code. Ann. § 11-46-5(4).

[3]Plaintiff also claims that receipt of federal funding would trigger liability under the ADEA. The Fifth Circuit has "already considered and rejected the argument that the ADEA 'is a [f]ederal statue prohibiting discrimination by recipients of [f]ederal assistance.'" *McGarry*, 2009 WL 4823013, at *2 (citing *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x 391, 395 (5th Cir. 2007)).

Conversely, JSU is an arm of the state and is not a "person" subject to § 1983. *See, e.g., Stotter*, 508 F.3d at 821("This court has also recognized that state universities as arms of the state are not 'persons' under § 1983"). Plaintiff's § 1983 and ADEA claims must be dismissed.

B. Punitive Damages

JSU moves to dismiss the punitive damages claim against it pursuant to 42 U.S.C. § 1981a(b)(1) because it is a governmental agency. Plaintiff responds by noting that she also seeks punitive damages from the individual co-defendant. Pl.'s Resp. [25] at 11. JSU's motion did not encompass the punitive claim against the individual defendant. The motion appears meritorious and has otherwise been conceded.

**SO ORDERED AND ADJUDGED** this the 17th day of February, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE